UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRIAN FERRY, et al., :
:
                               Plaintiffs, :
: MEMORANDUM
               - against - : OPINION & ORDER
: 06 Civ. 7111 (RMB) (RLE)
SGS CONTROL SERVICES INC., et al., :
:
                             Defendants. :

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

On June 8, 2006, plaintiffs (collectively, "Ferry"), individually and on behalf of others similarly situated, filed a complaint in United States District Court for the Southern District of Texas. On September 8, 2006, the case was transferred *sua sponte* to this District.[1] In the complaint, Ferry alleges that defendants, SGS Control Services Inc. and SGS North America (collectively, "SGS"), failed to pay their Oil, Gas and Chemical (OGC) Inspectors proper overtime, and thereby violated the Fair Labor Standards Act (FLSA).

On September 2, 2006, prior to transfer to this District, Ferry moved for an order 1) declaring settlement agreements obtained by SGS to be null and void insofar as they purport to settle the FLSA claims of putative class members; 2) prohibiting SGS from soliciting additional settlement agreements or otherwise communicating with potential class members regarding any of the issues raised by the case; 3) authorizing Ferry to notify potential class members that the settlements are null and void and do not affect their right to participate in the action; and

---

[1] The parties consented to, and the district court ordered, consolidation of the instant case with **Ayers v. SGS Control Services, Inc.**, 03 Civ. 9078, on December 6, 2006.

4) awarding Ferry his costs and reasonable attorney's fees for the filing of the motion.  Plaintiff's Emergency Motion for Protective Order, Sanctions and Corrective Notice ("Pl. Mot."), at 1.  On October 20, SGS wrote the Court requesting a pre-motion conference with respect to its motion for an injunction 1) precluding opposing counsel from contacting prospective plaintiffs about the litigation; 2) requiring opposing counsel to remove all information from counsel's website pertaining to the instant action, including the "Overtime Calculator"; 3) precluding opposing counsel from accepting any future employment by SGS employees; and 4) precluding opposing counsel from continuing to represent SGS employees who had engaged his services since the date that any misleading information appeared on opposing counsel's website.  Letter from Neil A. Capobianco, October 20, 2006 ("10/20/06 Letter"), at 1.

On October 16, District Judge Richard M. Berman ordered that all issues of protective orders be taken up with the designated Magistrate Judge.  The undersigned was so designated and, on October 19, Judge Berman referred the case for general pretrial.  Pending before the Court are Ferry's motion for a protective order, sanctions and corrective notice, and SGS's motion for an injunction.  For the following reasons, Ferry's motion is **DENIED, without prejudice**, and SGS's motion is **DENIED**.

## II.  DISCUSSION

**A.  Ferry's Motion for a Protective Order**

In his initial motion, Ferry moved for an order finding the settlement agreements null and void, prohibiting SGS from soliciting additional like agreements or otherwise communicating with potential class members, including information on the settlements in the class notice, and awarding costs and fees.  Pl. Mot. at 1.  Subsequently, the Court granted Ferry's motion to

conditionally certify the class and issue notice, and approved a class notice that included language addressing the effect of the settlement agreements. The Court asked Ferry to address whether the motion for a protective order was moot. Ferry acknowledged that the issue of what language would be included in the notice had been resolved, but the "effect of any settlements on defendants' ultimate liability . . . must be determined at or before trial." Letter from Dan Getman, May 11, 2007 (5/11/07 Letter), at 4. In addition, Ferry is still requesting sanctions for SGS's "interference with the Court's jurisdiction to determine the form of Notice advising the class of their rights under the FLSA." **Id**. Ferry also informs the Court of SGS's argument that, should there be an award of damages, those damages should be set-off by the amount paid to individuals through these settlements. **Id**. However, Ferry asks that the pending motion for a protective order should be held in abeyance until after the transcripts of the meetings at which the settlements were negotiated become available. **Id**.

Based on Ferry's report, the Court understands Ferry to no longer be seeking an order prohibiting SGS from soliciting additional like agreements or otherwise communicating with potential class members. Therefore, the remaining relief sought by Ferry does not appear within the jurisdiction of the current referrals for general pretrial and protective orders. Whether the settlement agreements affect SGS's liability is a dispositive issue, and the effect of such payments on any potential award is a damages issue. Both issues should be brought to Judge Berman at the appropriate stage of the case. Therefore, Ferry's motion for a protective order is **DENIED, without prejudice**.

**B. SGS's Motion for an Injunction[2]**

In its request for a pre-motion conference, SGS asserts that Ferry's counsel, Dan Charles Getman and Edward John Tuddenham, have been communicating with SGS employees in a manner that violates the Bar Rules of the State of Texas. 10/20/06 Letter at 1. SGS claims that opposing counsel, either personally or through their staff, has contacted SGS employees via telephone, letters, and invitations to visit counsel's website in an attempt to convince parties to join the action. **Id**. at 2. According to SGS, this is a violation of Texas State Bar Rules 78.02(a)(1, 3) and 7.03(a), which prohibit misleading communications and solicitation of clients for pecuniary gain. **Id**. at 1-2. In addition, SGS asserts that Getman's website contains both misleading statements about the case and an "Overtime Calculator" function that overstates the potential damages of individual plaintiffs. **Id**. at 2-3. In his opposition, Ferry argues that SGS's claims that his counsel solicited potential parties through telephone and letters are baseless. Letter from Dan Getman, October 27, 2006 ("10/27/06 Letter"), at 2. Ferry's counsel states that "office policy is not to call any potential class member in a case unless the individual specifically requests" it, and that this policy was not violated in the instant action. **Id**. As to SGS's claims regarding opposing counsel's website, Ferry's counsel argues that the statements included on the website are accurate and the "Overtime Calculator," which is not a feature specific to either this case or the consolidated one, is accurate under the law and states explicitly that any calculation is approximate. **Id**. at 2-3.

---

[2]Although SGS characterizes their submission as a motion for injunction, the Court will treat it as a motion for a protective order under Rule 26(c), prohibiting improper communications with class members or potential class members.

1. **Solicitation of Clients**

SGS has not offered any evidence in support of its accusation that Ferry's counsel violated Texas State Bar Rules. While SGS states that it "received a report that at least one SGS employee was contacted via telephone by an employee of the Getman law firm in an effort to convince him to join the lawsuit" and that the employee reports that he had not reached out to opposing counsel's firm, this is not a sufficient basis. SGS's representation that it has been difficult to obtain an affidavit from the employee to substantiate the report is understandable, *see* Letter from Neil A. Capobianco, November 28, 2006 ("11/28/06 Letter"), at1 n. 1, but, until such an affidavit is provided, SGS's motion for an injunction based on opposing counsel's alleged violation of the Texas State Bar Rules is **DENIED**.

2. **Allegedly Misleading Statements on Website**

SGS also claims that certain statements printed on opposing counsel's website are misleading and in violation of Texas State Bar Rules which prohibit communications that contain "material misrepresentation[s] of fact or law, or omit[] a fact necessary to make the statement considered as a whole not materially misleading." 10/20/07 Letter at 1-2 (*quoting* Texas State Bar Rule 7.02(a)(1, 3)). The statements that SGS alleges to be false and misleading are:

> "SGS appears to be trying to obtain a quick settlement from inspectors at far less than the true value of the claims . . ."

> "Getman Law Office believe that SGS is offering these settlements to prevent the thousands of current and former inspectors from filing suit because it knows it would likely have to pay much more in a lawsuit . . . We believe SGS is hoping to obtain settlements without fully revealing the full information about the back wages and liquidated damages that OGC inspectors are due and therefore to trick them into giving up their overtime claims for much much less than they are worth . . ."

> ". . . SGS is expected to argue that a 'settlement' waiver is valid and acceptance of such settlement may complicate bringing overtime claims to Court for their full value."
>
> ". . . Courts, from the Supreme Court on down, have routinely found that private waivers of FLSA rights cannot be enforced."
>
> ". . . a federal court in Florida and a jury already determined that SGS' 'Chinese Overtime' violated federal law.  Ferrer v. SGS North America, 8:04CIV916 (MD Florida, Tampa Div.).  In that case, a jury awarded an OGC inspector more than 126,000 dollars in back overtime pay and liquidated damages for work for SGS.  The case was afterwards settled by a secret settlement, which may have been greater or lower than the amount awarded by a jury.  Likewise, any other inspector's claim may be higher or lower than what was awarded in Ferrer v. SGS."

10/20/06 Letter at 2-3; 10/27/06 Letter at 3.

Reviewing the statements, and each sides' respective submissions, the Court does not find that these statements contain any "material misrepresentation[s] of fact or law."  10/20/07 Letter at 1-2 (*quoting* Texas State Bar Rule 7.02(a)(1, 3)).  The first three statements are clearly phrased as the opinions of the Getman firm, and not as statements of fact.  SGS has failed to demonstrate that they contain any material misrepresentations or omit any necessary facts.  In its pre-motion letters, SGS does not address how the fourth statement, referencing private waivers of FLSA rights, violates the Texas rules, nor is any violation apparent to the Court.  As for the fifth statement, referencing the **Ferrer** case, SGS argues that this statement: 1) is misleading because it "purports to inform potential litigants that a federal court has already determined that SGS's method of paying overtime violated federal law" but "omits the fact that the pay in that case was bumped up [to comply with minimum wage];" 2) "is intended to mislead all OGC inspectors to believed that they all have valid claims . . . of around $126,000;" and 3) fails to state that "the court [in **Ferrer**] vacated its ruling."  11/28/06 Letter at 2-3; 10/20/07 Letter at 3.  In opposition,

Ferry claims that the website "correctly states the relevant facts," and is not "false nor misleading." Ferry argues that the website is not required to state that the judgment was vacated by the settlement because "a settlement vacating a judgment does not expunge the court's opinion from the record nor does it in any way detract from the persuasive value of the court's opinion." 10/27/07 Letter at 3.

SGS's assertion that the vacatur order in **Ferrer** vacated the jury verdict, judgment and "any other finding relating in any way to the liability of SGS" is correct. 11/28/06 Letter, Exh. 3. However, the joint application to vacate and dismiss the case does not make the statements on the Getman website misleading, either by material misrepresentation or omission of fact. The statements about what a court and a jury determined are factually correct, as is the statement about what the jury awarded in damages. These statements are immediately followed by a statement that the case was then the subject of a confidential settlement which altered the terms of the jury award. Therefore, SGS's motion for an injunction based on the allegedly misleading nature of statements on Getman's website is **DENIED**.

### 3. "Overtime Calculator" on Website

On his firm's website, Getman has an "Overtime Calculator," which is a tool that allegedly calculates the amount of overtime and liquidated damages that a potential plaintiff could recover. 10/20/06 Letter, Exh. 1. SGS claims that the method by which these amounts are calculated is inaccurate in that it 1) assumes that overtime must be paid at time and one half and 2) fails to subtract any overtime actually paid to the employee. **Id**. at 3. Ferry argues that the calculator "is not and does not claim to be particular to the *Ferry* case," and states explicitly that all calculations are approximate and depend on the claim being sustained in court. 10/27/07

7

Letter at 2. Having reviewed the calculator function, the Court finds that this web-based tool is not specific to the instant action. The calculator, and its accompanying questionnaire, are extremely general, and explicit in their generality. A person does not have to input their job position in order to generate an estimated amount, and there is nothing indicating that the amount will apply to all claims. The text on the website itself provides an explicit disclaimer, stating that the amounts are approximations and all claims must be found to be valid by a court prior to any monetary award. Therefore, SGS's motion for an injunction based on the allegedly misleading nature of opposing counsel's "Overtime Calculator" is **DENIED**.

### III. CONCLUSION

For the foregoing reasons, Ferry's motion is **DENIED, without prejudice**, and SGS's motion is **DENIED**.

**SO ORDERED this 2nd day of July 2007**
**New York, New York**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

8