UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRIAN FERRY, ET AL.,

                Plaintiffs,

                **MEMORANDUM OPINION & ORDER**

        - against -

                06 Civ. 7111 (RMB) (RLE)

SGS CONTROL SERVICES, INC., and
SGS NORTH AMERICA, INC.,

                Defendants.

**RONALD L. ELLIS, United States Magistrate Judge:**

The Court having reviewed submissions by the parties, **HEREBY FINDS** that

1. Testimonies from defendants' 30(b)(6) depositions are not co-extensive with questions asked by plaintiffs in interrogatories and leaving questions unanswered by defendants;

2. To the extent that defendants have produced attorney-client documents related to advice of counsel on FLSA obligations they have waived the attorney-client privilege on that issue;

3. Plaintiffs' were not given adequate notice that the October 10, 2007 Steve Bloom deposition would be terminated early for religious reasons;

4. Plaintiffs were not given sufficient notice in order to conduct adequate discovery on witnesses who appeared in defendants' supplemental discovery submissions for the first time on September 20, 2007;

5. Plaintiffs' request for production of further transcripts from meetings between SGS lawyers and putative class members is unnecessarily cumulative because

representative transcripts from class members' meetings have already been provided;

6. Plaintiffs' request for further 30(b)(6) deposition witness testimony would be unnecessarily cumulative;

7. Testimony regarding calculation of damages by plaintiffs' counsel, Michael J.D. Sweeney, is not necessary because testimony on damage calculations has already been given by plaintiffs' counsel's paralegal;

8. Defendants have stipulated that they are engaged in commerce for the purposes of FLSA coverage, and to this Court's supplemental jurisdiction over the above referenced matter making production of defendants' financial records unnecessary to prove the case falls under FLSA jurisdiction;

9. Documents from other FLSA cases brought against SGS are not relevant to this matter;

10. The parties had not agreed upon the temporal scope of document production prior to defendants' production of the supplemental log on September 10, 2007;

11. The handling of objections was unclear between counsel during the deposition of Frank Pompa, and this contributed to the need for colloquy between attorneys.

**IT IS HEREBY ORDERED THAT**,

1. To the extent that plaintiffs' unanswered interrogatories are not co-extensive with completed depositions, plaintiffs' request to present unanswered questions to defendants for response is **GRANTED**. Defendants are ordered to respond to interrogatories by **October 15, 2007**;

2. Plaintiffs' request for waiver of defendants' attorney-client privilege on advice of counsel regarding FLSA issues is **GRANTED**. Defendants are ordered to produce all documents on their privilege logs related to advice of counsel on FLSA obligations by **October 12, 2007**. Defendants shall also produce for in camera review all documents identified in their privilege logs as "regarding labor and employment issues";

3. Plaintiffs' request to conduct further deposition of Steve Bloom is **GRANTED**. The deposition shall be limited to one hour, and must be completed by **October 17, 2007**;

4. Plaintiffs' request to strike, as untimely disclosed, witnesses who appeared in defendants' supplemental discovery submissions to plaintiffs for the first time on September 20, 2007, is **GRANTED**;

5. Plaintiffs' request for further transcriptions from meetings between SGS lawyers and putative class members is **DENIED**;

6. Plaintiffs' request for further 30(b)(6) deposition witness testimony is **DENIED**;

7. Defendants' request to depose plaintiffs' counsel, Michael J.D. Sweeney, is **DENIED**;

8. Plaintiffs' request for further production of defendants' financial records is **DENIED**;

9. Plaintiffs' request for documents from other FLSA cases brought against SGS is **DENIED**;

10. Plaintiffs' request that the Court find that defendants have waived the attorney-c

client privilege because of inadequate privilege logs is **DENIED**;

11.  Plaintiffs' request for deposition and motion costs and fees because defendants' speaking objections during the depositions of Frank Pompa is **DENIED**.

**SO ORDERED this 10th day of October 2007**
**New York, New York**

_/s/ Ronald L. Ellis_

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

4